1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ALEX BREUER, et al., | CASE NO. C20-0479JLR |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | |
| WEYERHAEUSER NR COMPANY, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is Plaintiffs Alex Breuer, Clarence Brigner, Cynthia Hodo, Agwu Mong, Marquise Murphy, Deantwon Norris, Devin Pettis, and Angelo Junkins' (collectively, "Plaintiffs") motion to dismiss without prejudice. (MTD (Dkt. # 18).) Defendant Weyerhaeuser NR Company ("Weyerhaeuser") opposes the motion. (MTD Resp. (Dkt. # 20).) The court has considered the motion, the relevant portions of the

//

1    record, and the applicable law.  Being fully advised,[1] the court GRANTS Plaintiffs'

2    motion to dismiss this action without prejudice, and GRANTS Weyerhaeuser's request

3    for reasonable costs and fees.

## II.    BACKGROUND

5          Plaintiffs are residents of midwestern states who allege injuries due to exposure to

6    "Flak Jacket" (Compl. (Dkt. # 1-2) ¶¶ 4, 6), which is "a proprietary fire-retardant

7    coating" "used to enhance the fire resistance of [Weyerhaeuser's] joists" (*see* Answer

8    (Dkt. # 13) ¶ 2).  The fourth generation of Flak Jacket "contains a formaldehyde-based

9    resin" (*id.* ¶ 3), and "Plaintiffs, who worked constructing homes with joists and removing

10   defective joists," allege that they "were unknowingly exposed to dangerous levels of

11   formaldehyde" while working around Flak Jacket (Compl. ¶ 6).

12         On March 16, 2020, Plaintiffs filed suit against Weyerhaeuser, a Seattle

13   corporation, in King County Superior Court, alleging violations of the Washington

14   //

---

16         [1] Weyerhaeuser requests oral argument (*see* MTD Resp. at 1), but Plaintiffs do not (*see* MTD at 1).  Oral argument is only necessary "when a party would suffer unfair prejudice as a result" of the court's refusal to hear oral argument.  *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (citing *Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir. 1984)).  Parties suffer no prejudice when they have "provided the district court with complete memoranda of the law and evidence in support of their respective positions."  *Mahon*, 171 F.3d at 1200.  When the only prejudice a party suffers is the court's "adverse ruling on the motion[,] [t]his is not sufficient to establish the required showing of prejudice."  *Id.* (citing *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998)).  "When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]."  *Partridge*, 141 F.3d at 926 (quoting *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge*).  Here, the issues have been thoroughly briefed by the parties, and oral argument would not be of assistance to the court.  *See* Local Rules W.D. Wash. LCR 7(b)(4).  Accordingly, the court DENIES Weyerhaeuser's request for oral argument.

1    Products Liability Act, RCW 7.72 *et seq.* (*Id.* ¶¶ 27-39.)[2] On March 27, 2020, Plaintiffs'

2    counsel emailed Weyerhaeuser's counsel "to ask whether Weyerhaeuser would authorize

3    its counsel to accept service of the suit and enclosed a copy of the complaint and

4    summons." (MTR (Dkt. # 14) at 7.) After receiving the email, "Weyerhaeuser evaluated

5    its options for one business day and filed its [n]otice of [r]emoval the following day."

6    (MTR Resp. (Dkt. # 16) at 8.)[3] Plaintiffs initially filed a motion to remand (*see generally*

7    MTR) but withdrew that motion before it noted for the court's consideration (Not. of

8    Withdrawal (Dkt. # 17) at 1).

9           Plaintiffs now seek to voluntarily dismiss their case so that they may refile in King

10   County Superior Court. (*See* MTD at 7.) Plaintiffs allege violations of Washington State

11   law, are suing a corporation headquartered in Seattle, "and wish to have [their] claims

12   heard in King County Superior Court, preferably as plaintiffs in the *Boudreaux* matter

13   which is set for trial in [January 2021]." (*Id.*) Plaintiffs assert that Weyerhaeuser will not

14   suffer prejudice if this case is voluntarily dismissed and Plaintiffs refile in state court.

15   (*Id.* at 7-10.) Weyerhaeuser asserts that "Plaintiffs' motion to dismiss their suit is a

16

17         [2] Plaintiffs' counsel previously filed two lawsuits alleging injuries sustained due to
     exposure to Flak Jacket in King County Superior Court: *Tango v. Weyerhaeuser*, King County
18   Case No. 17-2-26527-6-SEA, which has been resolved, and *Boudreaux v. Weyerhaeuser*, King
     County Case No. 17-2-26527-6-SEA, which is set for trial on January 25, 2021. (Reply (Dkt.
     # 22) at 5.)
19
           [3] In removing the action to this court before Plaintiffs could "properly join[] and serve[]"
20   Weyerhaeuser, *see* 28 U.S.C. § 1441(b)(2), Weyerhaeuser engaged in a practice known as "snap
     removal," a controversial procedural practice that seeks to avoid the forum defendant rule. *See*
21   Amir Schachmurove, *Making Sense of the Resident Defendant Rule*, 52 U.C. Davis L. Rev.
     Online 203, 214-15 (2019). The Ninth Circuit has not yet determined whether snap removal
22   comports with 28 U.S.C. § 1441's requirements, but the majority view among federal circuits is
     that it does not. *See id.* at 207.

backdoor attempt to accomplish what their previously filed motion to remand could not—
to obtain what they think is a more favorable forum in state court." (MTD Resp. at 6.)
Weyerhaeuser also argues that it will suffer prejudice if Plaintiffs' motion is granted.
(*Id.*)  The court now considers whether dismissal without prejudice is appropriate.

## III.   ANALYSIS

### A.   Legal Standards

Federal Rule of Civil Procedure 41(a)(2) states that, after a defendant serves an
answer, and absent a stipulation by all parties who have appeared, "an action may be
dismissed at the plaintiff's request, only by court order, on terms that the court considers
proper."  Fed. R. Civ. P. 41(a)(2).  A motion for voluntary dismissal under Rule 41(a)(2)
"is addressed to the sound discretion of the District Court, and its order will not be
reversed unless [it] has abused its discretion."  *Hamilton v. Firestone Tire & Rubber Co.*,
679 F.2d 143, 145 (9th Cir. 1982).  "A district court should grant a motion for voluntary
dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain
legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Thus,
the court must determine whether Weyerhaeuser will suffer plain legal prejudice if
Plaintiffs voluntarily dismiss this case.

"Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some
legal argument."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).
"For example, in determining what will amount to legal prejudice, courts have examined
whether a dismissal without prejudice would result in the loss of a federal forum, or the
right to a jury trial, or a statute-of limitations defense."  *Id.*  However, the loss of a federal

1   forum does not constitute prejudice to forum defendants.  *See Lively v. Wild Oats Mkts.,*
2   *Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).  "Removal based on diversity jurisdiction is
3   intended to protect out-of-state defendants from possible prejudices in state court. . . . The
4   need for such protection is absent, however, in cases where the defendant is a citizen of
5   the state in which the case is brought."  *Id.*; *see also* Charles Warren, *New Light on the*
6   *History of the Federal Judiciary Act of 1789*, 37 Harv. L. Rev. 49, 83 (1923) ("The chief
7   and only real reason for this diverse citizenship jurisdiction was to afford a tribunal in
8   which a foreigner or citizen of another State might have the law administered free from
9   the local prejudices or passions which might prevail in a State Court against foreigners or
10  non-citizens.").  Moreover, "[p]lain legal prejudice . . . does not result simply when [the]
11  defendant faces the prospect of a second lawsuit," has "begun trial preparations," or
12  "when [the] plaintiff merely gains some tactical advantage."  *Hamilton*, 679 F.2d at 145
13  (affirming a grant of voluntary dismissal when the district court awarded costs to the
14  defendant upon dismissal to avoid prejudice).

15  **B.    Plaintiffs' Motion**

16          Weyerhaeuser asserts that the court should deny Plaintiffs' motion because "[t]he
17  legal prejudice that such efforts would inflict upon Weyerhaeuser is plain."  (MTD Resp.
18  at 7.)  Weyerhaeuser avers that "Plaintiffs have withdrawn their remand motion and
19  supplanted it with a motion for voluntary dismissal in an attempt to frustrate the removal
20  statutes and forum shop."  (*Id.* at 8.)  Because Weyerhaeuser has the burden to establish
21  plain legal prejudice, *see Smith*, 263 F.3d at 975, the court considers each of
22  Weyerhaeuser's arguments against Plaintiffs' motion (*see* MTD Resp. at 7-11).

1      1. <u>Forum Shopping</u>

2          Weyerhaeuser first argues that Plaintiffs' motion is motivated by forum shopping

3   and will "frustrate Weyerhaeuser's procedural rights to remove this case." (*Id.* at 8.)

4   Although granting Plaintiffs' motion will allow Plaintiffs to refile their case in state court,

5   this does not amount to plain legal prejudice. *See Smith*, 263 F.3d at 976 ("[T]he need to

6   defend against state law claims in state court is not 'plain legal prejudice' arising from

7   voluntary dismissal of the federal claims in the district court."); *Hamilton*, 679 F.2d at

8   145; *see also Westlands*, 100 F.3d at 97 (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v.

9   Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) ("The possibility that plaintiffs may gain

10  a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to

11  dismiss without prejudice especially when state law is involved.")).

12         There is little concern that Weyerhaeuser will suffer prejudice if Plaintiffs refile in

13  King County Superior Court because, as a corporation headquartered in Washington

14  State, Weyerhaeuser is a forum defendant. *See Lively*, 456 F.3d at 940 (9th Cir. 2006).

15  Weyerhaeuser's need for protection from out-of-state biases is "absent" in King County

16  Superior Court because Weyerhaeuser is headquartered in King County. *See id.*

17  Therefore, the prejudice that an out-of-state defendant might face when defending itself

18  in Washington's state court system is not present here.

19         Weyerhaeuser relies on out-of-circuit authority to bolster its argument. (*See, e.g.*,

20  MTD Resp. at 8 (citing *Hayden v. Westfield Ins. Co.*, No. CIV.A. 12-0390, 2013 WL

21  5781121, *2 (W.D. Pa. Oct. 25, 2013); *In re Rezulin Prods. Liab. Litig.*, No. 00-cv-2842,

22  2002 WL 31002809, *1 (S.D.N.Y. Sept. 2, 2002)).) However, the facts of those cases are

distinguishable from the present case.  In *Hayden*, for example, the "case [had]
progressed through vigorous litigation and motions practice . . . for over a year and a
half."  2013 WL 5781121, at \*7.  In *Rezulin*, the plaintiff seeking dismissal had already
had her motion to remand denied, "questionably" sought dismissal because "she 'no
longer wished to proceed with her claim,'" and gave "no reason why any dismissal
should be without prejudice."  2002 WL 31002809, \*1.  This case is still in its inception,
meaning the loss of this forum will have a minimal impact on Weyerhaeuser.  Moreover,
the court did not rule on Plaintiffs' motion to remand, and it is Weyerhaeuser's burden to
establish that it will suffer prejudice as a result of dismissal.  *See Smith*, 263 F.3d at 975.

Indeed, Weyerhaeuser appears more concerned that this case might be
consolidated with another Flak Jacket case than the fact that it may have to litigate in
King County Superior Court.  (*See* MTD Resp. at 11 ("Plaintiffs' voluntary dismissal
directly affects Weyerhaeuser's ability to defend this action, as it might be consolidated
with an entirely distinct case with different plaintiffs that has been pending for years.").)
However, the mere possibility that this case might be consolidated with another does not
amount to prejudice, even if it gives Plaintiffs "some tactical advantage."  *See Hamilton*,
679 F.2d at 145.  Weyerhaeuser does not contend that it will be unable to assert the same
defenses or that its ability to conduct discovery will be hampered in King County
Superior Court, even if the cases are consolidated.  (*See generally* MTD Resp.)  Although
Plaintiffs would prefer to consolidate this case with the *Boudreaux* matter (*see* MTD at
7), it is ultimately up to that court to determine whether the cases are "entirely distinct"
//

ORDER - 7

1    and should or should not be consolidated, *see* Wash. King Super. Ct. Civ. R. 42

2    (requiring a motion to consolidate cases).

3           2.    Avoiding a Near-Certain Adverse Ruling

4           Weyerhaeuser next asserts that "Plaintiffs cannot use voluntary dismissal to avoid

5    a near-certain adverse ruling" on their withdrawn motion to remand.  (*See* MTD Resp. at

6    8.)  Weyerhaeuser cites *Maxum Indemnity Insurance Co. v. A-1 All American Roofing*

7    *Co.*, 299 F. App'x 664, 666 (9th Cir. 2008), to support its claim.  In that case, the Ninth

8    Circuit notes that "[a] district court may consider whether the plaintiff is requesting a

9    voluntary dismissal only to avoid a near-certain adverse ruling." *Id.* (citing *Terrovona v.*

10   *Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988)).  In both *Maxum* and *Terrovona*, however,

11   the plaintiffs attempted to avoid substantive rulings on the merits of the case.  *See*

12   *Maxum*, 299 F. App'x at 665 ("The district court denied [the plaintiff's] Rule 41(a)(2)

13   motion . . . [and] then granted summary judgment to [the defendants].");  *Terrovana*, 852

14   F.2d at 426 ("Three months after the state moved for summary judgment . . . [the

15   plaintiff] filed a motion . . . to dismiss the petition without prejudice.").  Weyerhaeuser

16   also relies on *Corales v. Flagstar Bank*, *FSB*, No. C10-1922JLR, 2011 WL 1584284

17   (W.D. Wash. Apr. 26, 2011), another case in which the plaintiffs sought dismissal after

18   the defendant filed a motion for summary judgment, but this court found abuse in

19   *Flagstar* only after determining that the plaintiffs were "attempting to use the federal

20   courts as a tool to improperly delay adjudication of issues presently before the court." *Id.*

21   at *6.  Even if Plaintiffs' motion to voluntarily dismiss this case is an attempt to avoid an

22   //

ORDER - 8

1    adverse ruling on their motion to remand, Plaintiffs are not seeking dismissal to avoid a

2    ruling on the merits of the case, as in Weyerhaeuser's cited authority.

3         Moreover, Weyerhaeuser substantially overstates its position in asserting that

4    Plaintiffs necessarily faced a "near-certain adverse ruling" on their motion to remand.

5    (*See* MTD Resp. at 8.)  Snap removal is a controversial procedure and its compliance

6    with the removal statute, 28 U.S.C. § 1441, is questionable.  *See* Schachmurove, *supra*, at

7    214.  Moreover, Weyerhaeuser's position appears to be the minority view among the

8    courts that have ruled on the matter.  *See id.* at 207 ("At present, an apparent majority

9    prohibits this pre-service removal tactic in the face of tenacious protests by a passionate

10   minority."); *see also Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1378 (N.D. Ga.

11   2011) ("The 1948 changes to the removal statute were . . . not intended to allow a forum

12   defendant who had not been served to remove an action."); *but see Colo. Seasons, Inc. v.*

13   *Friedenthal*, No. LA CV 19-09050 JAK (FFMx), 2020 U.S. Dist. LEXIS 84645, *8 (C.D.

14   Cal. May 13, 2020) ("Permitting snap removal does not necessarily cause an absurd

15   result.  Nor is it contrary to the clearly expressed intent of Congress.").  Thus,

16   Weyerhaeuser's contention that "[g]ranting this motion will undermine the authority [it]

17   cited in its opposition to the motion for remand" is unconvincing and, more importantly,

18   fails to establish any plain legal prejudice.[4]  (*See* MTD Resp. at 9.)

19

20   _____

21   [4] Because Plaintiffs' motion to remand is no longer before the court, and because the
     court grants Plaintiffs' motion to voluntarily dismiss this case without prejudice, it is
     unnecessary for the court to determine whether Weyerhaeuser's snap removal in this case was
22   proper.  Nevertheless, the court notes that Weyerhaeuser's use of snap removal calls into
     question Weyerhaeuser's representations that Plaintiffs would have faced near-certain defeat on

1        3.  Pyrrhic Victories for Defendants

2              Weyerhaeuser next argues that "[t]he rules regarding removal would be reduced to

3    a nullity if Plaintiffs are simply able to dismiss and refile with impunity."  (*Id.*)

4    Weyerhaeuser contends that removal amounts to no more than "[p]yrrhic victories for

5    defendants seeking to exercise their statutory rights" if the court dismisses plaintiffs' suits

6    and allows them to refile in state court.  To avoid triggering a "never-ending cycle of

7    removals and dismissals" after granting a Rule 41(a)(2) motion to dismiss, courts

8    generally impose certain conditions on plaintiffs or grant reasonable costs and fees.  *See*

9    *Lang v. Mfrs. & Traders Trust Co.*, 274 F.R.D. 175, 186 (D. Md. 2011).  "Rule 41(a)(2)

10   allows the court to grant a plaintiff's dismissal motion only with appropriate terms and

11   conditions to protect the defendant from prejudice."  *U.S. ex rel. Sequoia Orange Co. v.*

12   *Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1988).  For example, in *Lang*,

13   the court conditioned dismissing the plaintiffs' case on the plaintiffs' agreement that,

14   should they refile in state court, they would demand less than $75,000.00 in damages so

15   the case could no longer be removed on diversity grounds.  *See Lang*, 274 F.R.D. at 186.

16   In *Hamilton*, the Ninth Circuit determined that "the District Court addressed and disposed

17   of the issue of possible prejudice by awarding costs to [the] defendant upon dismissal."

18   679 F.2d at 145; *see also Westlands*, 100 F.3d at 97 ("The defendants' interest can be

19   protected by conditioning the dismissal without prejudice upon the payment of

20   appropriate costs and attorney fees.").

21

22        their motion to remand.  *See Hawkins*, 785 F. Supp. 2d at 1361; *but see Colo. Seasons*, 2020 U.S.
     Dist. LEXIS 84645, at *8.

1    Indeed, costs and fees "are often imposed upon a plaintiff who is granted

2    voluntary dismissal under [Rule] 41(a)(2)."  *Stevedoring Servs. of Am. v. Armilla Int'l*

3    *B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *see also Marlow v. Winston & Strawn*, 19 F.3d

4    300, 306 (7th Cir. 1994) ("As a general rule, an award of reasonable attorneys' fees, less

5    any fees for work that may be utilized in subsequent litigation of the same claim, is an

6    entirely appropriate condition of dismissal.").  In this case, the only prejudice

7    Weyerhaeuser will suffer upon dismissal is in the form of the fees it expended in federal

8    court for purposes that cannot be used in state court.  The court recognizes that

9    Weyerhaeuser "expend[ed] considerable resources with respect to the remand motion."

10   (*See* MTD Resp. at 14.)  Specifically, Weyerhaeuser requests "the payment of

11   Weyerhaeuser's reasonable costs and attorney fees for responding to Plaintiffs' motion

12   for remand."  (*Id.* at 15.)  Thus, to avoid prejudicing Weyerhaeuser, the court GRANTS

13   Weyerhaeuser's request for its reasonable fees incurred in responding to Plaintiffs'

14   motion to remand.  (*See generally* MTR; MTR Resp.)

15                          **IV.    CONCLUSION**

16       For the reasons set forth above, the court GRANTS Plaintiffs' motion to dismiss

17   without prejudice (Dkt. # 18).  The court ORDERS Plaintiffs to pay the reasonable

18   expenses, including attorneys' fees, Weyerhaeuser incurred in responding to Plaintiffs'

19   withdrawn motion to remand.  Weyerhaeuser shall submit a memorandum setting forth

20   its reasonable attorneys' fees and expenses, along with supporting declarations and

21   //

22   //

ORDER - 11

1  documentation, by no later than seven (7) days from entry of this order.  Plaintiffs may

2  file a response within seven (7) days of their receipt of Weyerhaeuser's memorandum.

3          Dated this 24th day of July, 2020.

4

5

6

7          _____

8          JAMES L. ROBART
           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 12